IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| NINJA HASSAN WHEELER,                ) | |
| )| |
| Plaintiff,           ) | |
| ) | |
| v.                                                    ) | CV 118-156 |
| ) | |
| EDWARD PHILBIN, Warden; TOMMY   ) | |
| TREMBLE, Deputy Warden of Security;  ) | |
| and MICHAEL ALLEN, C.O. II, in their    ) | |
| individual and official capacities,             ) | |
| ) | |
| Defendants.         ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

I.    **SCREENING OF THE AMENDED COMPLAINT**

A.    **BACKGROUND**

Plaintiff names as Defendants: (1) Edward Philbin, Warden; (2) Tommy Tremble, Deputy Warden of Security; and (3) Michael Allen, C.O. II. (Doc. no. 9, pp. 1-2.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On March 28, 2018, Plaintiff was housed in the 12-A-1 lockdown unit at ASMP. (Id. at 2.) Officer Allen escorted Plaintiff to the showers during a routine shower call. (Id.) Officer Allen handcuffed Plaintiff behind his back and led Plaintiff out of his cell. (Id.) As they approached a nearby cell, two inmates without restraints unlawfully managed to get out of their cell and clearly had an intent to cause Plaintiff harm. (Id. at 3.) Officer Allen abandoned Plaintiff until backup arrived called in by another officer. (Id.) Officer Allen did not have a radio in his possession when the incident occurred. (Id.) Officer Allen also did not have a nightstick, taser, partner, or pepper spray to protect himself or Plaintiff. (Id.) The inmates punched, kicked, and beat Plaintiff with a combination lock. (Id.) Plaintiff was hospitalized as a result of the attack and received three staples on his head for his injuries. (Id.)

Officer Allen was unprepared for the attack although a similar incident occurred before in the unit and a few times afterward. (Id.) Several prison guards and supervisors, including Warden Philbin and Deputy Warden Tremble, knew or should have known the locks on several doors in the unit were faulty and there was a substantial risk Plaintiff would be seriously harmed. (Id. at 3-4.) Officer Allen's decision to escort Plaintiff alone was a violation of Georgia Department of Corrections policy and could have resulted in Plaintiff being killed. (Id. at 4.) Plaintiff seeks as relief the following: (1) declaratory relief; (2) $135,000 in compensatory damages against Defendants, jointly and severally; (3) $50,000 in punitive damages against each Defendant; (4) recovery of costs; and (5) any relief the Court deems just, proper, and equitable.

**B.     DISCUSSION**

**1.     Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim for relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at

3

555, 557).  In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007).  However, this liberal construction does not mean that the court has a duty to re-write the complaint.  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Defendants Philbin and Tremble Cannot Be Held Liable Based on a Theory of Supervisory Liability

Plaintiff's amended complaint fails to state a claim against Defendants Philbin and Tremble because he is attempting to hold them liable merely in light of their supervisory positions.  Therefore, he fails to state a claim upon which relief can be granted against these Defendants.  "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability."  Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013).  Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*.  See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

4

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted).  Therefore, to hold Defendants Philbin and Tremble liable, Plaintiff must demonstrate that either (1) they actually participated in the alleged constitutional violation, or (2) there is a causal connection between their actions and the alleged constitutional violation.  See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

Plaintiff alleges Warden Philbin "knew or should have known" some of the cell doors in the 12-A-1 unit were faulty and failed to act.  (Doc. no. 9, p. 5.)  Plaintiff alleges Deputy Warden Tremble "knew or should have known" the doors were faulty and failed to act and many of his subordinates were without the tools they needed to be effective in their roles as prison guards.  (Id. at 5.)  Plaintiff does not allege either Deputy Philbin or Tremble were directly involved in the attack.  Thus, Plaintiff fails to state any facts suggesting either Defendant actually participated in the alleged constitutional violations.

Therefore, Plaintiff must allege a causal connection between Defendants Philbin and Tremble and the asserted constitutional violations.  See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation).  The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to

5

constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Here, Plaintiff fails to allege facts sufficient to support the necessary causal connection. Plaintiff alleges, in conclusory fashion, Defendants Philbin and Tremble "knew or should have known" some of the cell doors in the unit were faulty. (Doc. no. 9, pp. 3-4.) Thus, Plaintiff even fails to unequivocally allege Defendants Philbin and Tremble actually knew about the problem. Additionally, Plaintiff alleges the faulty doors have resulted in only one previous incident but does not allege any specifics regarding the other incident, including the severity of the attack or whether it was reported to officials. (Doc. no. 9, p. 3.) A single incident is insufficient to show a history of widespread abuse sufficient to put Defendants on notice. Brown, 906 F.2d at 671.

Second, Plaintiff does not allege Defendants Philbin and Tremble were responsible for a policy or custom resulting in a violation of Plaintiff's rights. Instead, he merely alleges Defendants were deliberately indifferent by failing to respond to a known danger. (Doc. no. 9, p. 5.)

Finally, Plaintiff does not allege any facts to show Defendants Philbin and Tremble either directed subordinates to act unlawfully or knew they would do so and failed to act in an appropriate manner.  Indeed, while Plaintiff alleges Defendants Philbin and Tremble may have been aware of the faulty doors, he does not allege they were aware of the earlier incident at all. Without more, Plaintiff's allegations are insufficient to show Defendants Philbin and Tremble either directed subordinates to act unlawfully or were on notice subordinates were acting unlawfully and failed to prevent the alleged violation.

In sum, Plaintiff has not shown Defendants Philbin and Tremble actually participated in the alleged constitutional violation; nor has he drawn the necessary causal connection to any alleged constitutional violation.  Therefore, Plaintiff fails to state a claim upon which relief can be granted against Defendants Philbin and Tremble, and they should be dismissed from the case.

### 3. Plaintiff Fails to State Claim based on Deliberate Indifference to a Substantial Risk of Serious Harm Against Officer Allen

Plaintiff has failed to state a viable Eighth Amendment claim against Officer Allen for deliberate indifference to a substantial risk of serious harm.  "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."  Farmer v. Brennan, 511 U.S. 825, 828 (1994) (citations omitted).  To establish such a claim, a prisoner "must allege facts sufficient to show (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016) (internal quotations omitted).  These three elements are evaluated in part by an objective standard and in part by a subjective

7

standard. See Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014).

As the Eleventh Circuit explained,

> When examining the first element—a substantial risk of serious harm—the court uses an objective standard. The second element—the defendant's deliberate indifference to that risk—has two components: one subjective and one objective. To satisfy the subjective component, a plaintiff must produce evidence that the defendant actually (subjectively) kn[ew] that an inmate [faced] a substantial risk of serious harm. To satisfy the objective component, a plaintiff must produce evidence that the defendant disregard[ed] that known risk by failing to respond to it in an (objectively) reasonable manner.

Id. (internal citations and quotations omitted).

Because "a risk of harm to some degree always exists by the nature of its being a [prison]," not every condition rises to the level of an Eighth Amendment violation. Purcell ex rel. Estate of Morgan v. Toombs Cty., Ga., 400 F.3d 1313, 1323 (11th Cir. 2005). However, "prison officials have a duty to protect prisoners from each other," Murphy v. Turpin, 159 F. App'x 945, 947 (11th Cir. 2005) (citing Brennan, 511 U.S. at 828-29), and "confinement in a prison where violence and terror reign is actionable." Harrison v. Culliver, 746 F.3d 1288, 1299 (11th Cir. 2014) (quoting Purcell, 400 F.3d at 1320).

Under the subjective component, "[a] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Lane, 835 F.3d at 1308. However, "[i]nferences from circumstantial evidence . . . can be used to show that a prison official possessed the necessary knowledge." Id. Under the objective component, an official responds to a known risk in an objectively unreasonable

8

manner if "he knew of ways to reduce the harm but knowingly declined to act" or if "he knew of ways to reduce the harm but recklessly declined to act." Hale v. Tallapoosa County, 50 F.3d 1579, 1583 (11th Cir. 1995).

Plaintiff fails to state a claim against Officer Allen because he fails to allege facts indicating Officer Allen had any knowledge of an impending risk of serious harm to Plaintiff. Terry v. Bailey, 376 F. App'x 894, 896 (11th Cir. 2010). Plaintiff does not allege any facts to indicate Officer Allen was subjectively aware of any risk of harm or even knew the doors in the dorm were potentially faulty.

Moreover, Plaintiff's allegations provide circumstantial evidence Officer Allen was not aware of any risk, as he transported Plaintiff alone without any protective measures or even a radio. (Doc. no. 9, pp. 2-3.) Surely, if Officer Allen had any subjective awareness of a risk of serious harm to either himself or Plaintiff, he would not have transported Plaintiff in such a fashion. Accordingly, there is no indication Officer Allen was subjectively aware of a substantial risk of serious harm to Plaintiff, Lane, 835 F.3d at 1308, and Plaintiff fails to establish a deliberate indifference to a substantial risk of serious harm claim against Officer Allen.

### 4. Plaintiff Fails to State a Failure to Intervene Claim against Officer Allen

In the context of a failure to intervene claim, a prison official can be liable under the Eighth Amendment for failing to take reasonable steps to protect a victim from an ongoing assault by another inmate. Ledlow v. Givens, 500 F. App'x 910, 914 (11th Cir. 2012) (citing Skritch v. Thornton, 280 F.3d 1295, 1301 (11th Cir. 2002)); see also Murphy v. Turpin, 159

F. App'x 945, 948 (11th Cir. 2005) (applying deliberate indifference standard to claim prison official failed to intervene in inmate-on-inmate assault).  However, in order for liability to attach, prison officials must have been "in a position to intervene." Terry, 376 F. App'x at 896 (citing Ensley v. Soper, 142 F.3d 1402, 1407 (11th Cir. 1998)).  An officer who fails to intervene in a fight between inmates can only be held liable if he "was physically able and had a realistic chance to intervene and act in time to protect the inmate plaintiff." Glispy v. Raymond, No. 06-14269-CIV, 2009 WL 2762636, *3 (S.D. Fla. 2009); see also Posey v. Giles, No. 2:12-CV-906-WHA, 2016 WL 696619, at *5 (M.D. Ala. Jan. 28, 2016) (citing Glipsy), adopted by, 2016 WL 707370 (M.D. Ala. Feb. 22, 2016); Seals v. Marcus, No. 1:11-CV-99 WLS, 2013 WL 656873, at *7 (M.D. Ga. Jan. 25, 2013) (same), adopted by, 2013 WL 663579 (M.D. Ga. Feb. 22, 2013).  Plaintiff has the burden of demonstrating the defendant was in a position to intervene but failed to do so. Ledlow, 500 F. App'x at 914.  Still, "[r]egardless of the presence or absence of a weapon in the hands of the attacking inmates, 'no rule of constitutional law requires unarmed officials to endanger their own safety in order to protect a prison inmate threatened with physical violence.'" Seals, 2013 WL 656873, at *8 (quoting Longoria v. Texas, 473 F.3d 586, 594 (5th Cir. 2006)).

Here, the undisputed facts show Officer Allen was not in a position to intervene in the inmate-on-inmate assault.  As Plaintiff alleges, Officer Allen was not in possession of any protective gear or a radio when the attack started.  (Doc. no. 9, p. 3.)  Although Plaintiff's allegations are not completely clear, it appears Officer Allen left Plaintiff to inform the officer working in the booth of the attack and waited until backup arrived.  (Id.)  Officer Allen would have been outnumbered by the two inmates in a physical altercation, and

Plaintiff alleges one of the inmates had a lock, with which Plaintiff was beaten. (Id.) As described above, Officer Allen was not constitutionally required to interject himself into the altercation and risk bodily harm before backup arrived, regardless of whether the inmates possessed weapons. See Seals, 2013 WL 656873, at *8; Posey, 2016 WL 696619, at *5. Thus, Officer Allen took appropriate measures to gain control over the situation and was not in a position to intervene further. See Terry, 376 F. App'x at 896.

Accordingly, Plaintiff has failed to state a valid claim against Officer Allen for being deliberately indifferent by failing to intervene in the inmate-on-inmate assault.

### 5. Plaintiff Fails to State a Claim Based on an Alleged Violation of Prison Regulations against Officer Allen

Plaintiff alleges Officer Allen's failure to intervene and decision to escort Plaintiff alone violated Georgia Department of Corrections polices. (Doc. no. 9, p. 4.) An allegation of non-compliance with a prison regulation by prison officials is not, in itself, sufficient to give rise to a claim upon which relief may be granted. See Sandin, 515 U.S. at 481-82 (noting many prison regulations are "primarily designed to guide correctional officers in the administration of a prison" and "such regulations are not designed to confer rights on inmates); Taylor v. White, Civ. No. 11-0377-CG-N, 2012 WL 404588, at *5 (S.D. Ala. Jan. 10, 2012) ("A claim based on a prison official's failure to follow prison regulations or state regulations, without more, simply does not state a claim for deprivation of a constitutional right."), adopted by, 2012 WL 403849 (S.D. Ala. Feb. 7, 2012). Accordingly, Plaintiff has failed to state a separate claim upon which relief may be granted based on any alleged violation of Georgia

Department of Corrections policies. Thus, as Plaintiff fails to state any valid claim against Officer Allen, he should be dismissed from this case.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's amended complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 29th day of November, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA