IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| NINJA HASSAN WHEELER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 118-156 |
| | ) |
| EDWARD PHILBIN, Warden; TOMMY | ) |
| TREMBLE, Deputy Warden of Security; | ) |
| and MICHAEL ALLEN, C.O. II, in their | ) |
| individual and official capacities, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. no. 22.) In his objections, Plaintiff again argues Defendants Philbin and Tremble were aware cell doors in the 12-A-1 lockdown unit at Augusta State Medical Prison ("ASMP") were faulty, which allowed inmates to escape from their cells and physically attack him while he was handcuffed and being led to the showers. (Id. at 2-4.) Plaintiff also appends for the first time two news articles in support of his contention. (Id. at 6-21.) While courts have the discretion to consider novel evidence, factual claims, and legal argument raised for the first time in an objection to an R&R, they are under no obligation to do so. Frone v. JP Morgan Chase & Co., 695 F. App'x 468, 472 (11th Cir. June 5, 2017) (concluding district judge has broad discretion in considering argument not presented to magistrate judge); Williams v.

McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) (same). The Court declines to do so here, especially considering Plaintiff previously amended his complaint but failed to include this information. (See doc. nos. 1, 9.)

However, even if the Court were to consider the new information in the articles, there is nothing therein that undermines the Magistrate Judge's R&R. While the articles generally cite security concerns at ASMP, including reports of faulty locks, the articles contain no indication the security issues gave rise to any actual incidents of violence, either between inmates or against staff members. (See doc. no. 22, pp. 6-21.) Furthermore, nothing in the articles indicate the dorm in which Plaintiff was housed was one of the ones effected by the security issues. (Id.) Thus, the articles provide no additional evidence in support of Plaintiff's contention Defendants Philbin and Tremble actually participated in the alleged constitutional violations or were on notice of a substantial risk of serious harm to Plaintiff based on a history of widespread inmate-on-inmate attacks due to the faulty locks. Hartley v. Parnell, 193 F.3d 1263 1269 (11th Cir. 1999); Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990). Thus, even considering the news articles, Plaintiff fails to state a claim against Defendants Philbin and Tremble.

Additionally, Plaintiff filed his second motion for appointment of counsel, in which he argues he is unable to afford counsel, his imprisonment will greatly limit his ability to litigate the complex issues presented, and a lawyer would better present evidence and cross-examine witnesses at trial. (Doc. no. 21.) As a general rule, there is no entitlement to appointed counsel in a civil rights case such as this one. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). Rather, the appointment of counsel is a privilege justified only by

exceptional circumstances. Id.; see also Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1065 (11th Cir. 2013) (finding exceptional circumstances justified appointment of counsel where suspect conduct of prison officials hindered prisoner plaintiff's ability to present essential merits of case and, additionally, where such appointment would alleviate security concerns and help sharpen issues). Here, Plaintiff fails to show that exceptional circumstances exist to justify the appointment of counsel. Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996). Plaintiff has not shown that his status as a layman prevents him from "presenting the essential merits of his . . . position," which is the key consideration in determining whether the appointment of counsel is justified. Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). Indeed, Plaintiff submitted a factually-detailed complaint and amended complaint, and filed detailed objections in support of his claims.

Accordingly, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DENIES** Plaintiff's motion for appointment of counsel, (doc. no. 21), **DISMISSES** Plaintiff's amended complaint, and **CLOSES** this civil action.

SO ORDERED this 5th day of March, 2019, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3